UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMILA JOHNSON, ET AL.                           CIVIL ACTION NO.

VERSUS                                            18-625-SDD-EWD

KYLE ARDOIN

## RULING AND ORDER

Before the Court is a Motion to Suspend Delays for Filing Expert Witness Reports (the "Motion"),[1] filed by defendant Kyle Ardoin, in his official capacity as Secretary of State ("Defendant"). Although the deadline for filing an opposition has not yet passed, Defendant asserts that "Plaintiffs' counsel were consulted and indicated that they oppose this motion."[2] Per the Motion, Defendant requests that this Court (1) suspend the delays for filing experts reports until a scheduling order has been entered; and (2) grant Defendant an extension "for a period of 90 days from receipt" of Plaintiffs' expert witness reports submitted on August 16, 17, and 26, 2019.[3]

Defendant asserts that he "is concerned" that Plaintiffs' submission of "partial expert witness reports on August 16, 2019, exhibits for the reports on August 17, 2019 and information, facts and data underlying the report in usable form on August 26, 2019," triggered Defendant's 30-day deadline set forth in FRCP 26(a)(2)(D)(ii).[4] Defendant contends that he is "still

---

[1] R. Doc. 96.

[2] R. Doc. 96, p. 4, ¶ 17. Additional briefing on Plaintiffs' desire to speed this case to resolution is not necessary. There is no prejudice to Plaintiffs in a fifteen-day extension of time for Defendant to provide responsive expert reports, assuming, without deciding, that FRCP 26(a)(2)(D)(ii) is even applicable.

[3] R. Doc. 96, p. 4.

[4] *See*, R. Doc. 96, p. 2, ¶¶ 5-6. There is no trial date in place and therefore it does not appear that the deadline set forth in FRCP 26(a)(2)(D)(i) has been triggered. Accordingly, Defendant's request to "suspend the delays for filing expert reports," to the extent Defendant seeks relief other than that related to the 30-day deadline set forth in FRCP 26(a)(2)(D)(ii), is premature.

1

interviewing witnesses and gathering information needed to defend this case"[5] and that [a]t least one of the defense experts has indicated that he will be unable to provide an expert report within 30 days."[6]

As this Court has found good cause exists to defer entry of a scheduling order in this case,[7] any applicable deadlines arise pursuant to the Federal Rules of Civil Procedure and this Court's Local Civil Rules. Pursuant to FRCP 26(a)(2)(D), absent a stipulation or court order, a party must disclose expert testimony "(i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."

It is not clear that FRCP 26(a)(2)(D)(ii) would be applicable, as it is not clear that Defendant's expert reports are strictly rebuttal reports. However, to avoid future confusion, the Court finds good cause to extend the deadline of FRCP 26(a)(2)(D)(ii) by 45 days, considering that no scheduling order is currently in place, as well as Defendant's representation that one of his experts will be unable to provide an expert report within 30 days of receipt of the information underlying Plaintiffs' expert reports.[8]

Accordingly,

---

[5] R. Doc. 96, p. 3, ¶ 10.

[6] R. Doc. 96, p. 4, ¶ 16.

[7] During the July 25, 2019 telephone conference good cause was found to defer entry of a scheduling order due to a pending Motion for Certification of Order for Interlocutory Appeal ("Motion for Certification"), which, if granted, also requests a stay of the case pending appeal. R. Docs. 71 & 84. Plaintiffs thereafter filed a Motion to Expedite, R. Doc. 87, which was denied. R. Doc. 90. Plaintiffs objected to that Ruling, R. Doc. 94, however, the Ruling was affirmed. R. Doc. 95. Notwithstanding that entry of a scheduling order was deferred, the parties have been instructed there are no impediments to them proceeding with discovery in this matter. *See* R. Doc. 84 and R. Doc. 90, p. 3, n. 10.

[8] The Court has calculated 45 days from August 26, 2019, the date on which Defendant asserts the underlying information, facts and data supporting Plaintiffs' reports was provided, which seems to be the date Plaintiffs' expert reports were completed pursuant to FRCP 26(a)(2)(B)(ii).

**IT IS HEREBY ORDERED** that the Motion to Suspend Delays for Filing Expert Witness Reports[9] is **GRANTED IN PART**. With respect to the deadline set forth in FRCP 26(a)(2)(D)(ii) as to Plaintiffs' expert reports submitted on August 16, 17, and 26, 2019, **IT IS HEREBY ORDERED** that Defendant is granted an extension through **October 10, 2019** to provide rebuttal reports.

Signed in Baton Rouge, Louisiana, on September 4, 2019.

                                    **ERIN WILDER-DOOMES**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[9] R. Doc. 96.