UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMILA JOHNSON, ET AL.                    CIVIL ACTION

VERSUS                                             18-625-SDD-EWD

KYLE ARDOIN, in his official
Capacity as the Acting Secretary
of State of Louisiana

## RULING

This matter is before the Court on the *Motion for Certification of Order for Interlocutory Appeal*[1] filed by Defendant, Kyle Ardoin ("Defendant"), in his official capacity as the acting Secretary of State of Louisiana. Plaintiffs Jamila Johnson, Norris Henderson, Renard Thomas, Tramelle Howard, Allan Rogers, Mildred Armstrong, Kristen Smith, Ciara Hart, Dadrius Lanus, Patricia Chaney, and Edward Galmon, Sr. (collectively, "Plaintiffs") have filed an *Opposition*[2] to this motion.

### I. BACKGROUND

On May 9, 2019, this Court denied a motion to dismiss Plaintiffs' claims under Section 2 of the Voting Rights Act ("VRA") filed by Defendant.[3] Defendant now seeks certification to file an interlocutory appeal challenging the Court's *Ruling*,[4] specifically the Court's holding that a three-judge panel is required to hear a purely statutory challenge to Section 2 of the VRA, as well as the Court's denial of Defendant's request for dismissal

---

[1] Rec. Doc. 71.
[2] Rec. Doc. 73.
[3] Rec. Doc. 68; Rec. Doc. 72.
[4] Rec. Doc. 73.

Document Number: 56092

based on the equitable ground of laches. For the following reasons, the Court finds that Defendant's *Motion for Certification of Order for Interlocutory Appeal* should be DENIED.

## II. LAW AND ANALYSIS

### A. Section 1292(b) Standard

Certification of an interlocutory appeal under Section 1292(b) is appropriate only when: (1) the order from which the appeal is taken involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" concerning the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[5] Permitting interlocutory appeals is within the district court's sound discretion.[6] When a district court certifies an appeal under section 1292(b), the court of appeals must still determine that the certification requirements of 1292(b) have been met.[7] Additionally, the Fifth Circuit cautions that interlocutory appeals are "exceptional," and "assuredly do not lie simply to determine the correctness" of an order.[8]

#### a. Controlling Question of Law

"Although the resolution of an issue need not necessarily terminate an action in order to be controlling .... Whether an issue of law is controlling usually hinges upon its potential to have some impact on the course of the litigation.'"[9] "On the other hand, an

---

[5] 28 U.S.C. § 1292(b)
[6] *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).
[7] *See Castellanos–Contreras v. Decatur Hotels*, LLC, 622 F.3d 393, 399 (5th Cir.2010) (en banc).
[8] *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir.1983); *see also Tolson v. United States*, 732 F.2d 998, 1002 (D.C.Cir.1984).
[9] *United States v. La. Generating L.L.C.*, No. 09-cv-100, 2012 WL 4588437, at *1 (M.D. La. Oct. 2, 2012) (quoting *Tesco v. Weatherford Int'l, Inc.* 722 F. Supp. 2d 755, 7666 (S.D. Tex. 2010)).

issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings."[10]

Despite Plaintiffs' argument to the contrary, whether a three-judge panel is required to hear a purely statutory claim under Section 2 of the VRA is a controlling question of law in this case. Certainly, whether this Court has jurisdiction to hear this claim will "have some impact on the course of the litigation."[11] Accordingly, the Court finds that whether a three-judge panel should be convened for claims under Section 2 of the VRA is a controlling question of law.

### b. Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion exists where:

a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.[12]

Here, this Court's holding that a three-judge panel is not required for non-constitutional challenges to congressional reapportionments is in accordance with the decisions of a Fifth Circuit motions and merits panel which reached a similar issue. In *Thomas v. Bryant*, the Southern District of Mississippi found, *inter alia*, that a three-judge panel is only required to hear constitutional, rather than statutory, challenges to the apportionment of congressional districts or the apportionment of any statewide legislative body.[13] Following

---

[10] *Id.* (quoting *Tesco*, 722 F.Supp.2d at 766).
[11] *United States v. La. Generating L.L.C.*, No. 09-cv-100, 2012 WL 4588437, at *1 (M.D. La. Oct. 2, 2012) (quoting *Tesco v. Weatherford Int'l, Inc.* 722 F. Supp. 2d 755, 7666 (S.D. Tex. 2010)).
[12] *Mitchell v. Hood*, 13-5875, 2014 WL 1764779, at *5 (E.D. La. May 2, 2014) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).
[13] *Thomas v. Bryant*, No. 3:18-CV-441-CWR-FKB, 2019 WL 454598, at *2 (S.D. Miss. Feb. 5, 2019).

the district court's ruling in *Thomas*, the State filed an emergency motion for stay of judgment in the Fifth Circuit.[14] Considering the motion to stay the district court's judgment in *Thomas*, a Fifth Circuit motions panel majority also concluded that a three-judge panel is not required to hear a statutory, rather than constitutional, action pursuant to Section 2 of the VRA.[15] According to 28 U.S.C. § 2248, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."[16] In *Thomas*, the motions panel grappled with "whether the 'constitutionality' modifier in § 2284(a) applies to the second phrase in the sentence,"[17] which is: "the apportionment of any statewide legislative body."[18] Here however, Plaintiffs are challenging the apportionment of congressional districts, which "constitutionality" unquestionably modifies. Despite the sharp dissent in *Thomas*, the motions panel did not consider whether "constitutionality" modified the first phrase of Section 2284(a). Although a motions panel is not binding authority, a Fifth Circuit motions panel guidance is undeniably persuasive to this Court.

Recently, however, the Fifth Circuit issued its ruling on the merits of the district court's holding in *Thomas v. Bryant* and provided binding authority regarding the three-judge issue which confirms this Court's conclusion.[19] In *Thomas,* the Fifth Circuit merits panel "examine[d] de novo ... whether the district court had jurisdiction to hear this case

---

[14] *Thomas v. Bryant*, No. 19-60133, 2019 WL 4153107, at *3 (5th Cir. Sept. 3, 2019).
[15] *Thomas v. Bryant*, 919 F.3d 298 (5th Cir. 2019).
[16] See 28 U.S.C. §2248.
[17] *Thomas v. Bryant*, 919 F.3d 298, 322 (5th Cir. 2019).
[18] 28 U.S.C. § 2284.
[19] *Thomas v. Bryant*, No. 19-60133, 2019 WL 4153107 (5th Cir. Sept. 3, 2019).

with a single judge notwithstanding the three-judge provision contained in 28 U.S.C. § 2284(a)."[20] There, the merits panel held "that the natural reading of § 2284(a) requires that 'constitutionality of' be applied to both 'the apportionment of congressional districts' and 'the apportionment of any statewide legislative body.'"[21] "The question presented is whether 'constitutionality of' modifies only 'the apportionment of congressional districts' (as the State argues) or whether it also modifies 'the apportionment of any statewide legislative body' (as Plaintiffs assert)."[22] Thus, as previously explained, because the present case concerns only congressional districts, there is no question that a constitutional challenge is required to convene a three-judge panel.

Defendant relies on *Page v. Bartels,* wherein the Third Circuit considered whether a single district judge could hear statutory and constitutional voting rights claims when they are brought together.[23] Although the court noted that, literally, Section 2284 "only requires a three-judge district court for certain constitutionally-based apportionment challenges," the court went on to state that it did "not believe that Congress made a deliberate choice to distinguish between constitutional apportionment challenges and apportionment challenges brought under § 2 of the Voting Rights Act."[24] This dicta is derived from legislative history and the manner in which VRA claims were traditionally brought.[25] To the *Page* court, the legislative history "clearly demonstrates that Congress was concerned less with the source of the law on which an apportionment challenge was

---

[20] *Id.* at *4.
[21] *Id.* at *6.
[22] *Id.* at *5.
[23] *Page v. Bartels*, 248 F.3d 175, 186-94 (3d Cir. 2001).
[24] *Id.* at 189.
[25] *Id.* at 189-90.

based than on the unique importance of apportionment cases generally."²⁶ Plaintiff highlights this Court's previous distinguishment of *Page*, but that does not necessarily make the *Page* court's discussion of the legislative intent and history of VRA claims inapplicable in determining whether there is a substantial ground for difference of opinion regarding the three-judge panel issue. However, the Fifth Circuit merits panel in *Thomas* recently rejected the argument that a Section 2 claim is essentially a constitutional claim. The court held that "constitutional challenges under, *inter alia*, the Fifteenth Amendment and statutory challenges under § 2 adhere to different legal precedents and evidentiary standards. Indeed, as noted, courts have repeatedly treated § 2 claims as non-constitutional challenges."²⁷

Considering the Third Circuit's discussion, it is possible that at least two "circuits are in dispute on the question"²⁸ regarding the convening of three-judge panels for non-constitutional VRA claims. However, the Fifth Circuit has "spoken on the point." Ultimately, *Page* may demonstrate the possibility of a substantial ground for difference of opinion regarding whether a three-judge panel is required for challenges to the apportionment of statewide legislative bodies; however, that issue was not before this Court because this matter challenges congressional apportionment. As to non-constitutional challenges of congressional apportionment, the accord among this Court, the Southern District of Mississippi,²⁹ the Northern District of Alabama,³⁰ a Fifth Circuit

---

²⁶ *Id.* at 190.
²⁷ *Thomas*, No. 19-60133, 2019 WL 4153107, at *6 (5th Cir. Sept. 3, 2019).
²⁸ *Mitchell v. Hood*, 13-5875, 2014 WL 1764779, at *5 (E.D. La. May 2, 2014) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).
²⁹ *Thomas v. Bryant*, No. 3:18-CV-441-CWR-FKB, 2019 WL 454598, at *2 (S.D. Miss. Feb. 5, 2019).
³⁰ *Chestnut v. Merrill*, 356 F.Supp.3d 1351 (N.D. Ala. 2019).

motions panel majority,[31] and now a Fifth Circuit merits panel[32] demonstrates that a "substantial ground for difference of opinion" does not exist.

### c. Materially Advance Ultimate Termination of the Litigation

An immediate appeal for interlocutory review of the three-judge issue will not materially advance the ultimate termination of the litigation. Defendant argues that "[a]voiding post-trial appeals on a topic is sufficient to satisfy the 'materially advance the ultimate termination' threshold."[33] On interlocutory review however, either this Court is without jurisdiction to hear purely statutory challenges to congressional apportionments, in which case this case would have to be relitigated before a three-judge panel, or an interlocutory appeal would needlessly delay this litigation if jurisdiction is found proper. In either case, an interlocutory appeal would delay, not advance, the ultimate termination of this litigation. Even assuming that a three-judge panel is required to hear this litigation and an interlocutory appeal would advance the ultimate termination, Defendant still fails to satisfy all three elements required for certification.

### B. Laches

Defendant also seeks to certify the laches issue for interlocutory review. At the outset, the Court notes that Defendant filed for certification of interlocutory review before the Court's written reasons were issued in this matter. In their *Motion to Dismiss*,[34] Defendant previously argued that the doctrine of laches bars the claims in this case.[35]

---

[31] *Thomas v. Bryant*, 919 F.3d 298 (5th Cir. 2019).
[32] *Thomas v. Bryant*, No. 19-60133, 2019 WL 4153107 (5th Cir. Sept. 3, 2019).
[33] Rec. Doc. 71-1 (citing *Cazorla v. Koch Foods of Miss., LLC.*, 838 F.3d 540, 548 (5th Cir. 2010)).
[34] Rec. Doc. 33.
[35] Rec. Doc. 33-1, pp. 21-22.

Plaintiffs opposed the motion arguing that laches does not apply for claims for prospective relief. Based on the Court's denial of Defendant's *Motion to Dismiss*, Defendant appears to have anticipated the Court agreeing with Plaintiffs that laches does not apply to claims of prospective relief. Defendant argues that "[s]hould laches be found applicable to bar prospective relief for VRA and constitutional claims, then a motion to dismiss is appropriate and would effectively end the litigation."[36] However, the Court did not preclude the argument that laches could bar prospective relief in VRA cases and applied the doctrine of laches to the present case.[37]

### a. Substantial Ground for Difference of Opinion

The Fifth Circuit has held that a "district court's findings of delay, inexcusability, and prejudice are finding of fact that can be overturned only if they are clearly erroneous," or "if in view of the entire record [the finding] is 'illogical or implausible.'"[38] In opposition to certification, Plaintiff argues that laches is not a controlling question of law because reversal would not terminate or materially affect the outcome of this litigation but remand to determine the merits of the laches defense. The controlling question of law Defendant appears to be asking this Court to certify for review is whether the Court should have applied the doctrine of laches to VRA claims asserting future harm. However, the Court did apply the well-settled doctrine of laches to the present case. Although Defendant undoubtedly disagrees with the Court's resolution of the laches issue, "[d]isagreement

---

[36] Rec. Doc. 71-1, p. 6.
[37] *Id.*
[38] *Geyen v. Marsh*, 775 F.2d 1303, 1310 (5th Cir. 1985).

with the Court's ruling is insufficient to establish a substantial ground for a difference of opinion."[39]

### b. Controlling Question of Law

As previously discussed, Defendant appears to be moving the Court to certify the question of whether laches can be applied to prospective relief for VRA cases. However, despite the Fifth Circuit's note[40] regarding laches for prospective relief, the Court nevertheless found the doctrine of laches applicable and applied it to the present case. Recently, the Fifth Circuit has reiterated that "resolving a laches defense is a fact-specific inquiry...."[41] Additionally, the Fifth Circuit stated that "[t]o our knowledge, no circuit court has disturbed a district court's denial of a laches defense in any case where the suit was filed more than eight months before the election."[42] Thus, Defendant has not raised a controlling legal question as to the application of the doctrine of laches to VRA cases asserting future harm because the Court applied that very doctrine.

### c. Materially Advance Ultimate Termination of the Litigation

The laches issue has failed the first two elements required for certification of interlocutory appeal, and likely fails the third. Defendant argues that "[i]f, after final judgment, the Fifth Circuit determines ... that laches does in fact bar claims for prospective relief, the case will either be dismissed or be re-litigated from its inception."[43] However, as discussed previously, the Court did not preclude the argument that laches

---

[39] *June Medical Services LLC v. Gee*, 2018 WL 1041301, at *2 (*citing Ryan v. Flowserue Corp.*, 444 F.Supp. 2d 718, 724 (N.D. Tex. 2006)).
[40] *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 1005, n.32 (5th Cir. 1981).
[41] *Thomas v. Bryant*, No. 19-60133, 2019 WL 4153107, at *8 (5th Cir. Sept. 3, 2019)
[42] *Id.* at *9.
[43] Rec. Doc. 71-1, p. 7.

could bar prospective relief but applied the doctrine of laches in this case. Thus, the Court finds the laches issue inappropriate for certification of interlocutory review.

I.   **CONCLUSION**

For the reasons stated above, Defendant's *Motion for Certification of Order for Interlocutory Appeal*[42] is DENIED. Additionally, Defendant's motion to stay this case pending appeal is DENIED as moot.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 12, 2019.

**SHELLY D. DICK, CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[42] Rec. Doc. 71.

Document Number: 56092