UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY D. GILES                                                    PLAINTIFF

VS.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES                                             DEFENDANT

CIVIL ACTION NO. 3:01CV392LN

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 27 2001

J. T. NOBLIN, CLERK
BY_____ DEPUTY

JUDGMENT

For the reasons given in the memorandum opinion and order
granting defendant's motion to dismiss entered in this case on
September 27, 2001, it is hereby

Ordered and adjudged that this action is dismissed with
prejudice.

SO ORDERED AND ADJUDGED this the 30th day of March, 2001.

_____
UNITED STATES DISTRICT JUDGE

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 27 2001

J. T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY D. GILES

                                        PLAINTIFF

VS.                                  CIVIL ACTION NO. 3:01CV392LN

JOHN ASHCROFT, ATTORNEY-GENERAL
OF THE UNITED STATES

                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant John Ashcroft, Attorney General of the United States, to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and the motion of plaintiff Jimmy D. Giles for a transfer of venue. The court, having considered the memoranda of the parties, concludes that defendant's motion should be granted and plaintiff's motion should be denied.

Plaintiff, on May 21, 2001, instituted this action challenging the constitutionality of both the preclearance requirements in Section 5 and the procedural requirements of Section 14(b) of the Voting Rights Act of 1965, codified in 42 U.S.C. §§ 1973c & 1973l (1994).[1] Plaintiff seeks injunctive relief prohibiting enforcement of said sections. On July 5, 2001, defendant filed a motion to dismiss arguing that this court lacks jurisdiction to hear plaintiff's claims. Thereafter, on July 9, 2001, plaintiff filed a motion for transfer of venue.

---

[1] On July 24, 2001, plaintiff filed a motion to amend his complaint. Because defendant has not filed a responsive pleading, plaintiff's motion must be granted pursuant to Federal Rule of Civil Procedure 15(a). See Lewis v. Fresne, 252 F.3d 352, 360 (5th Cir. 2001) (stating that a motion to dismiss is not a responsive pleading).

The court first addresses whether a three-judge panel must be convened to hear plaintiff's claims.[2]  Generally, actions by private individuals seeking injunctive relief under Section 5 of the Voting Rights Act must be heard by a three-judge panel pursuant to 28 U.S.C. § 2284 (1994).  See 42 U.S.C. § 1973b (1994); League of United Latin American Citizens of Tex. v. Texas, 113 F.3d 53, 55 (5th Cir. 1997).  "However, where § 5 claims are 'wholly insubstantial' and completely without merit, such as where the claims are frivolous, essentially fictitious, or determined by prior case law, a single judge may dismiss the claims without convening a three-judge court."  League of United Latin American Citizens, 113 F.3d at 55.  See also Gonzalez v. Automatic Employees Credit Union, 419 U.S. 90, 100, 95 S. Ct. 289, 295, 42 L. Ed. 2d 249 (1974) (stating that "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts.").  Applying these cases, a three-judge panel is not needed in this action because defendant's motion to dismiss will be granted based on this court's lack of jurisdiction.

Jurisdiction is lacking because the United States District Court for the District of Columbia has exclusive jurisdiction over plaintiff's constitutional challenges to the Voting Rights Act of 1965.  See Allen v. State Bd. of Elections, 393 U.S. 544, 558, 89

---

[2]  Plaintiff has requested a three-judge panel both in his complaint and in several motions.

2

S. Ct. 817, 828, 22 L. Ed. 2d 1 (1969) (citing Katzenbach v.
Morgan, 384 U.S. 641, 86 S. Ct. 1717, 16 L. Ed. 2d 828 (1966));
Reich v. Larson, 695 F. 2d 1147, 1149-50 (9th Cir. 1983) (quoting
the Senate Judiciary Committee's report on the Act, which states,
"[a]ll challenges to the constitutionality or legality of any
provision of this bill or any action taken pursuant to it must be
litigated in the District Court for the District of Columbia.").
As a result, this court clearly does not have jurisdiction over
this action, warranting a dismissal of plaintiff's claims.

    However, plaintiff argues that the court should transfer the
case if it finds that the District Court for the District of
Columbia has exclusive jurisdiction over his claims.  Under 28
U.S.C. § 1631,[3] a court may transfer a case to another court if

_____

    [3] Plaintiff erroneously cites 28 U.S.C. § 1404 (1993) as
the authority the court should use to transfer the case.
However, under § 1404, the transferor court must have
jurisdiction to be able to transfer the action.  See O'Neal v.
Hatfield, 921 F. Supp. 574, 575-76 (S.D. Ind. 1996); Naegler
v. Nissan Motor Co., Ltd., 835 F. Supp. 1152, 1156 (W.D. Mo.
1993).  The correct statute to apply in the instant suit is 28
U.S.C. § 1631 (1994); accordingly, the court will examine
whether transfer is appropriate under this statute.  28 U.S.C.
§ 1631 states:
        Whenever a civil action is filed in a court as
        defined in section 610 of this title or an appeal,
        including a petition for review of administrative
        action, is noticed for or filed with such a court
        and that court finds that there is a want of
        jurisdiction, the court shall, if it is in the
        interest of justice, transfer such action or appeal
        to any other such court in which the action or
        appeal could have been brought at the time it was
        filed or noticed, and the action or appeal shall
        proceed as if it had been filed in or noticed for
        the court to which it is transferred on the date
        upon which it was actually filed in or noticed for

3

the transferor court does not have jurisdiction; the transferee court had jurisdiction when the action was filed; and a transfer would serve the interest of justice.  Phinizy v. Alabama, 847 F.2d 282, 283 (5th Cir. 1988).  The first prong of this test is obviously met because this court does not have jurisdiction over the present action.  However, the second prong of the test is not met because the District Court for the District of Columbia did not have jurisdiction over plaintiff's suit when it was filed, making transfer inappropriate.

Jurisdiction was not proper in any district court because plaintiff did not have standing to support his constitutional challenges to the Voting Rights Act of 1965.  A plaintiff must establish three elements to satisfy the constitutional requirements of standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130 / 2136, 119 L. Ed. 2d 351 (1992). First, plaintiff must have suffered an injury in fact, which means that the injury is concrete and particularized, not conjectural. Lujan, 504 U.S. at 560.  Second, a causal connection must exist between the injury and the challenged action.  Id.  Finally, plaintiff's claims must be likely to be redressed by a favorable decision of the court.  Id. at 561.  The United States Supreme Court has stated that "[s]tanding is not 'an ingenious academic exercise in the conceivable.'"  Id. at 566 (citing United States v. Students Challenging Regulatory Agency Procedures, 412 U.S.

---

the court from which it is transferred.

669, 688, 93 S. Ct. 2405, 2416, 37 L. Ed. 2d 254 (1973).[4]

Plaintiff argues that he has suffered several types of injuries in fact based on the preclearance requirements of Section 5. Plaintiff alleges that the economy of Mississippi, which provides his livelihood, has been harmed by the stigma attached to Mississippi's status as a preclearance state. Further, Giles contends that he has been reduced to the level of second class citizen because the Mississippi legislature must ask for preclearance every time a change in the voting laws is proposed. Finally, plaintiff alleges that he was ostracized by

----

[4] The Supreme Court has also explained the purpose of the standing requirement:

> The requirement of "actual injury redressable by the court" serves several of the "implicit policies embodied in Article III[.]" It tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action.
>
> . . . .
>
> . . . The federal courts have abjured appeals to their authority which would convert the judicial process into "no more than a vehicle for the vindication of the value interests of concerned bystanders." Were the federal courts merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding, the concept of "standing" would be quite unnecessary. But the "cases and controversies" language of Art. III forecloses the conversion of courts of the United States into judicial versions of college debating forums.

Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472-73, 102 S. Ct. 752, 758-59, 70 L. Ed. 2d 700 (1982) (citations omitted).

5

fellow employees while working for International Business Machines Corporation in New York, New York. In plaintiff's first two allegations, he is simply attempting to use this court as a forum to debate issues and air generalized grievances against the United States. In <u>Valley Forge</u>, the Supreme Court stated these are exactly the types of claims that are inappropriate for federal courts.[5] Further, even assuming for the sake of argument that plaintiff's allegation of injury in New York could theoretically confer standing on plaintiff, defendant points out in his rebuttal, that the City of New York is also covered by Section 5 of the Voting Rights Act of 1965. <u>See</u> 28 C.F.R. pt. 51, App.; <u>United Jewish Org. of Williamsburg, Inc. v. Carey</u>, 430 U.S. 144, 148, 97 S. Ct. 996, 1001, 51 L. Ed. 2d 229 (1977). Logically, plaintiff, who may not have felt welcome in New York, did not face such ostracism as a result of the requirements codified in Sections 5 and 14(b). Plaintiff's claims neither raise an injury in fact nor show any causal connection between the alleged injuries and the challenged action. Based on this, the District Court for the District of Columbia did not have jurisdiction when the case was filed; therefore, under § 1631, plaintiff's motion to transfer must fail.[6]

---

[5]  See <u>supra</u> note 3.

[6]  The court also notes that transferring this case would not serve the interest of justice because plaintiff's claims are completely without merit. The Supreme Court has clearly held that Sections 5 and 14(b) of the Voting Rights Act of 1965 are constitutional. See <u>Lopez v. Monterey County</u>, 525

Based on the foregoing, defendant's motion to dismiss is granted, plaintiff's motion to transfer is denied.[7]

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 27th day of September, 2001.

_____
UNITED STATES DISTRICT JUDGE

---

U.S. 266, 283-84, 119 S. Ct. 693, 703-04, 142 L. Ed. 2d 728 (1999) (upholding the constitutionality of Section 5); City of Rome v. United States, 446 U.S. 156, 174-76, 100 S. Ct. 1548, 1560-62, 64 L. Ed. 2d 119 (1980) (upholding the constitutionality of Section 5); South Carolina v. Katzenbach, 383 U.S. 301, 334-335, 86 S. Ct. 803, 821-22, 15 L. Ed 2d 769 (1966) (upholding the constitutionality of both sections).

[7]  Plaintiff also has several other motions pending before the court, including:  a motion for a temporary restraining order and preliminary injunction to prohibit the application of Section 5 in Mississippi; a motion for judicial notice of the changed circumstances in Mississippi since the passage of the Voting Rights Act of 1965; and a motion to suspend any adverse ruling until discovery is completed.  The court's grant of defendant's motion to dismiss makes these motions moot, and the court will not address them.

7