UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMILA JOHNSON, *et al*.
*Plaintiffs,*

CIVIL ACTION

3:18-cv-00625-SDD-EWD

v.

KYLE ARDOIN, IN HIS OFFICIAL CAPACITY
AS LOUISIANA SECRETARY OF STATE
*Defendant.*

### RULING

Before the Court is a *Motion for Reconsideration*[1] filed by the Defendant, Kyle Ardoin, in his official capacity as the Secretary of State of Louisiana. The Motion is opposed by the Plaintiffs, Jamilla Johnson, et al.[2] Defendant moves the Court to reconsider its Ruling denying the Defendant's *Motion to Dismiss the Plaintiff's Amended Complaint*.[3]

Movant urges reconsideration on the grounds that a subsequent decision by the Court of Appeal in *Thomas v. Bryant*,[4] "directly impact[s] this Court's denial of the Motion to Dismiss."[5] Movant argues that "the *Thomas* Court addressed the issues of laches and the requirements of a successful Section 2 claim"[6] which present "extraordinary circumstances" thereby justifying reconsideration under Federal Rule of Civil Procedure 60(b).

---

[1] Rec. Doc. 101.
[2] Rec. Doc. 121.
[3] Rec. Doc. 68.
[4] 938 F.3d 134 (5th Cir. 2019).
[5] Rec. Doc. 101-1.
[6] *Id.*
60040

**I.      LAW AND ANALYSIS**

In this District, "three major grounds" have been recognized as justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[7] Even if *Thomas v. Bryant*[8] could be characterized as an "intervening change in the law", the Court of Appeal "on the Court's own motion, [determined] to rehear this case en banc."[9] Plaintiffs argue that "[b]ecause *Bryant* has been vacated, Defendant's motion for reconsideration is effectively based on no intervening event whatsoever. Thus, the Court should dismiss Defendant's Motion as moot rather than reaching the merits."[10]

While pending rehearing, the *Thomas* case is arguably not an intervening change in the law. Nonetheless, even reaching the merits the Court finds that the panel decision in *Thomas* does not change the law and does not therefore mandate reconsideration.

Regarding the doctrine of laches, the Court finds that *Thomas* does not change the laches analysis. The laches inquiry, which asks whether Plaintiffs unreasonably delayed asserting a claim or right to the prejudice of the Defendant, was applied by this Court and it is still the legal standard. Accordingly, the Court denies reconsideration of its laches holding.

As regards the substantive voting rights claim, the Defendant makes a convoluted argument that *Thomas* somehow requires that Plaintiffs plead that there

---

[7] *Wagster v. Gautreaux*, 2014 WL 46638, at *2 (M.D. La. 2014) (quoting *J.M.C. v. La. Bd. of Elementary and Secondary Educ.*, 584 F.Supp.2d 894, 896 (M.D. La. 2008)).
[8] *See supra*, note 4.
[9] *Thomas v. Bryant*, 939 F.3d 629 (5th Cir. 2019).
[10] Rec. Doc. 121.

can exist two "working" minority districts in Louisiana and that Plaintiffs Amended Complaint which alleges that "two majority-minority" congressional districts can be drawn fails to state a claim. The Court does not read *Thomas* to require such pleading. Furthermore, as ably noted in the opposition, *Thomas* was not being evaluated on its pleadings in a 12(b)(6) Motion to Dismiss but was on review after a full trial on the merits. Finally, the Defendant's argument is premised almost entirely on Judge Willet's dissent, that while masterfully written, is of no precedential value particularly in light of the current procedural posture of *Thomas*.

## II.   CONCLUSION

For the reasons set forth above, the Defendant's *Motion for Reconsideration*[11] is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 22, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. 101.

60040